## STATE USE TRUSTEES ETC., vs. MAY ET AL.

In an action by the State for the use of the trustees of schools of township No. etc., on the bond of M., the common school commissioner, the declaration alleged a liability on the bond of M., as common school commissioner, for his acts as commissioner of the townships; the defendants made default, and on enquiry of damages, the plaintiff offered to prove that M. had collected money belonging to the specified township; *Held,* that the default of the defendants admitted that the

declaration contained a cause of action against them, and that the evidence ought to have been admitted.

*Error to Union Circuit Court.*

Hon. Len B. Green, Circuit Judge.

Carleton, for plaintiff.

Mr. Justice Fairchild delivered the opinion of the Court.

The State of Arkansas, for the use of the trustees of schools of township No. sixteen south, and range No. sixteen west, in Union county, sued the defendants in error, May and Tatum and others, on the bond of May, given as common school commissioner for Union county. It is alleged in the declaration, that, by the assent of the inhabitants of the township and acts of May, he became liable on his bond of common school commissioner of the county for his acts as commissioner of the township, and fifteen breaches of his duty as township commissioner are charged against him. May and Tatum made default, and a discontinuance was entered as to the other defendants.

The fourth breach charged that May received about eight hundred dollars belonging to the school fund of the specified township, and had not paid it over as required by law; and to support the breach, on an enquiry of damages, the plaintiff offered in evidence the bond described in the breach, across the face of which was written by May, " paid and canceled this 9th day of October, 1854, J. L. May, commissioner of township 16, range 16," with proof that May collected the money on the bond at the time of the indorsement. The bill of exceptions states that the plaintiff also offered to sustain the other breaches by similar proof, applicable to each breach, although the offered testimony is not set out. The court sustained the objection of May to the evidence, to which the plaintiff excepted. The default of May and Tatum admitted that the declaration contained a cause of action against them, and the evidence offered

350 CASES IN THE SUPREME COURT

to sustain the fourth breach was pertinent, and should have been received. On account of the ruling of the court in rejecting the evidence offered to sustain the breaches only nominal damages were awarded to the plaintiff, and she brought error.

We decline to enter into the field of speculation to which we are invited, by deciding questions not presented by the record, but for the error of the court manifest by the transcript, reverse the judgment.